FILED
AUG 2 7 2009
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| GENE OLSON, | CIV. 08-4113 |
| Plaintiff, | |
| vs | |
| | MEMORANDUM OPINION |
| CITY OF ELK POINT, SOUTH DAKOTA, | AND ORDER |
| ELK POINT POLICE DEPARTMENT, | |
| POLICE CHIEF RYAN FLEEK, | |
| individually and in his official capacity, | |
| CERTAIN UNNAMED EMPLOYEES | |
| AND AGENTS OF THE CITY OF ELK | |
| POINT, SOUTH DAKOTA, individually | |
| and in their official capacities, | |
| MARK NELSON, Head Jailer; and | |
| TIM SIMONS, in their individual and | |
| official capacities, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants filed a Motion for Summary Judgment, Doc. 17. For the reasons set forth below, Defendants' Motion will be denied.

## I. BACKGROUND

The claims in this action under 42 U.S.C. § 1983, relate to the City's taking of Plaintiff's property in October 2007. Most of the facts are undisputed. Plaintiff Gene Olson ("Olson") owned real property in the City of Elk Point, South Dakota ("the City"). Specifically, Olson owned two homes located at 405 West Pleasant Street and 210 North Scott Street. He also owned a vacant lot located between the two homes. Over a period of time, Olson accumulated some debris. Photographs of the property depict items on the property such as old tires, dead trees, railroad ties and rubbish. On August 7, 2007, Elk Point Police chief Ryan Fleek ("Fleek") attempted to address

this issue by sending a letter to Olson. The letter advised Olson that: (1) he was in violation of Elk Point City Ordinance #168 and #214 as amended, which deals with the keeping of "rubbish, refuse, waste materials, garbage or other junk" within the City; (2) that Olson had failed to fulfill a previous commitment to the City to clear railroad ties off his property; and (3) that if Olson did not remedy the situation, the City would enter his property to bring it into compliance by removing the debris. The letter also advised Olson that he was in violation of Elk Point City ordinance 222-1 based upon several abandoned or inoperable vehicles on his property. Finally, the letter advised Olson that he had 21 days to request a hearing. Olson does not dispute that he received this letter from Fleek.

By October, some debris remained on Olson's property and Fleek and other representatives of the City entered Olson's property and removed it. Plaintiff asserts that Fleek and the others also unlawfully took valuable property that was not debris. He described some of this property during his deposition:

> A: Welders, generators, I had a rebuilt engine I was going to put in my truck, I had alternator and starter equipment. I had a thousand gallons of vegetable oil that I used in my truck. I used it to mix my fuel. I like to make biodiesel. Ladders, tools, I had a little motorcycle the kids liked to play on. Do you want me to go into more detail?
> Q: Sure.
> A: A brand-new Weed Eater, two of them. Lawn mower. That's all I can think of off the top of my head.
> Q: Okay.
> A: I had a fuel tank, forks for my skid loader, railroad ties.

(Doc. 24-3, Deposition of Plaintiff at p. 20-21.) Plaintiff submitted an Affidavit in opposition to Defendants' motion for summary judgment which includes a list of the property taken by Defendants and his opinion of the fair market value therefor. (Doc. 24-2.) The value of all the property taken is listed at $68,426.00. This includes a sleeper for a truck valued by Plaintiff at $22,932.00.

In his Complaint, Plaintiff asserts that Fleek and other City agents and employees unlawfully entered his property and deprived him of his personal property in violation of his constitutional right to due process. He alleges that the City failed to properly supervise or train its employees.

Defendants deny that any conduct on their part deprived Plaintiff of any constitutional right or caused Plaintiff any damage.

## II. DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242 (1986).

### A.  Liability of the City

The City does not dispute that Plaintiff has a protected interest in his property, and Plaintiff does not contest that he received notice the debris would be removed, or that the City rightfully removed the debris from his land. Plaintiff's claim is that other valuable items were unlawfully removed without notice and an opportunity to be heard in violation of his constitutional right to due process. Because a municipality cannot be held liable solely on the basis of respondeat superior under Section 1983, *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978), Plaintiff must show that an Elk Point City policy, custom, pattern or practice played a role in the alleged violation of his due process rights. There are four ways a plaintiff may demonstrate the existence of such a policy, custom, pattern or practice for which a municipality can be held liable under Section 1983: (1) an express policy endorsed or ordered by the municipality, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986); (2) a custom or practice that is so pervasive and widespread that the municipality had either actual or constructive knowledge of it, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 130 (1988); (3) actions taken or decisions made by the municipal employee who, as a

3

matter of law, is responsible for establishing municipal policies with respect to the area in which the action is taken, *Praprotnik*, 485 U.S. at 123, or; (4) where the failure of the municipality to train its employees rises to the level of deliberate indifference to the constitutional rights of others, *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Plaintiff alleged in his Complaint but has not offered any evidence that the City failed to train Fleek or the other unnamed employees who removed Plaintiff's belongings. In his brief, Plaintiff asserts the City is liable for his damages because Fleek is a policy-maker for the City. Whether an official has final policymaking authority is a legal question for the Court to determine on the basis of state and local law. *Jett v. Dallas Independent School District*, 491 U.S. 701, 737 (1989); *McGautha v. Jackson Count, Missouri, Collections Dep't*, 36 F.3d 53, 56 (8th Cir. 1994). Although the official in question does not have to be a final policymaker for all purposes, but only with respect to the conduct challenged, simply exercising discretion in an area where that official is not the final policymaker under state law cannot, by itself, establish municipal liability. *Pembaur*, 475 U.S. at 481. According to Plaintiff, evidence that Fleek is a policy maker includes that Fleek sent the letter advising Plaintiff the City would enter his property, and that Fleek did enter Plaintiff's property and remove his belongings. The City admits that municipal liability for violating constitutional rights may arise from a single act of a policy maker, but denies that Fleek was a policy maker because he does not draft, propose or pass municipal ordinances, but is simply charged with enforcing the law. Defendants did not address the scope of Fleek's policymaking authority in regard to bringing property into compliance with the City's ordinances. Plaintiff offers evidence that Fleek was instrumental in removing Plaintiff's property because he wrote the letter to Plaintiff and he removed some property, but Plaintiff does not address the state or local law which gives the Chief of Police final policymaking authority in this area. Looking at the South Dakota Codified Laws, the Court found that state law provides: "The chief of police shall perform such duties as shall be prescribed by the governing body for the preservation of the peace." SDCL § 9-29-18. The Court needs more information about the power and authority of Officer Fleek before it can determine, as a matter of law, whether he is a policymaker for the City when it comes to bringing property into compliance

with municipal ordinances. Accordingly, the City's motion for summary judgment will be denied without prejudice to the right to renew the motion. *See, e.g,. Rucci v. Thoubboron*, 68 F.Supp.2d 311, 326 (S.D.N.Y.1999) (denying summary judgment on the issue of whether the defendant was a final policymaker because "the County has offered no evidence on this issue, and since the ultimate burden of showing the absence of a genuine issue of material fact resides with the movant"). The Court notes that the burden of proving Fleek is a policymaker ultimately rests with Plaintiff at trial. *See, e.g., Ricketts v. City of Columbia*, 856 F.Supp 1337, 1344 (W.D. Mo. 1993) (granting motion to set aside verdict in § 1983 claim against city; plaintiffs failed to produce evidence at trial which identified the persons with final policymaking authority for city). For these same reasons, the Court will deny summary judgment on Plaintiff's "official capacity" claims against Fleek and other unnamed City employees.

### B. Individual Capacity Claims and Qualified Immunity

Defendants move to dismiss the individual liability claims against them on the ground that they are entitled to qualified immunity under § 1983. As the Eighth Circuit has stated,

> "Government officials who perform discretionary functions are entitled to qualified immunity unless their alleged conduct violated clearly established federal constitutional or statutory rights of which a reasonable person in their positions would have known." *Ottman v. City of Independence. Missouri*, 341 F.3d 751, 756 (8th Cir. 2003). We analyze qualified immunity issue in two steps. First, we ask whether the facts as asserted by the plaintiff "show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If the answer is no, we grant qualified immunity. If the answer is yes, we go on to determine "whether the right was clearly established." *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202, 121 S.Ct. 2151.

*Wright v. Rolette County*, 417 F.3d 879, 884 (8th Cir. 2005). Here, there is no dispute that taking of property without due process violates a constitutional right. The Fourth Amendment protects against unreasonable seizures of property. *Soldal v. Cook County*, 506 U.S. 56, 61-62 (1992). A seizure of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Id.* at 61 (quoting *United States v. Jacobsen*, 466 U.S. 109

(1984)). Plaintiff is not claiming that removal of the dead trees, old tires or other debris violated his rights. Rather, Plaintiff contends that City officials took valuable items belonging to him which were useful, working personal property, items that he did not think were included in the notice he received or covered by the municipal ordinances cited in the notice. Construing the evidence in favor of Plaintiff as the nonmoving party, as the Court must do for the purpose of summary judgment, the Court finds that a genuine issue of material fact exists whether the notice adequately advised Plaintiff that everything would be removed from his property and, thus, whether Plaintiff's constitutional rights were violated.

The next step is to determine whether the right was clearly established. "A right is 'clearly established' when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Birkenholz v. Sluyter*, 857 F.2d 1214, 1216 (8th Cir.1988).

Defendants argue that the actions of Fleek and other City employees were objectively reasonable because: (1) Elk Point ordinances explicitly prohibit residents from allowing debris and junk to accumulate on their property; (2) there is no question that Plaintiff violated these ordinances; (3) Plaintiff received notice and an opportunity to be heard and; (4) South Dakota law, SDCL 21-10-6, provides that a public nuisance may be abated without civil action or court order. The question is, however, whether it was reasonable for Fleek and others to believe it was lawful to take the items Plaintiff claims were not junk but rather were useful, working, valuable pieces of property. At the summary judgment stage, the Court must view the evidence in the light most favorable to Plaintiff and acknowledge that some of the items taken were valuable. A reasonable officer would know, for example, that brand new equipment is not debris and that taking it would violate Plaintiff's rights. If the jury accepts Plaintiff's account that some of the property was operable, used by Plaintiff, and some of the property even new, it could fairly conclude that Fleek and others violated Plaintiff's constitutional rights by taking that property. Because the record does not establish the reasonableness of Fleek's actions or beliefs, the Court cannot rule as a matter of law that Defendants

are entitled to qualified immunity, and Defendants' motion for summary judgment on this issue will be denied. Accordingly,

IT IS ORDERED:

1. That Defendants' Motion for Summary Judgment, doc. 17, is denied as to qualified immunity of the individual defendants, and is denied without prejudice as to liability of the City of Elk Point.

Dated this 27th day of August, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By: Summa Wahpad , Deputy
(SEAL)